UNITED STATES DISTRICT COURT
for the
5th Circuit of Southern Mississippi



COMPLAINT

3:19cv423 DPJ-FKB

## I. The Parties to This Complaint

### A. The Plaintiff -

Zorri N. Rush
6912 Mount Vernon Rd
Eupora / Webster
MS  39744
662 753 1249
zorrirush@hotmail.com

### B. The Defendants -

Carmax (Defendant 1)
128000 Tuckahoe Creek Parkway
Richmond, VA  232238

American Credit Acceptance (Defendant 2)
340 E Main St
Suite 2500
Spartanburg, SC  29302
(866)441-0251

Allied Solutions, LLC (Defendant 3)
340 E Main St.
Suite 2500
(866)441-0251

## II. JURISDICTION

Plaintiff, Zorri Rush, is before the court petitioning for an order to compel arbitration in accordance with the United States Constitution that embodies the declaration of independence. This document encouraging that," when in the course of human events, it becomes necessary for one people to dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation."

In the petition before this court, the plaintiff asserts a violation of the United States Constitution which reads in part "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life,

Liberty and the pursuit of Happiness. That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed." The defendants in this case are residents of a different state and in accordance with federal regulations such cases can be filed in the U.S District courts in order to resolve such disputes.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 85-DISTRICT COURTS; JURISDICTION**
> **§1332. Diversity of citizenship; amount in controversy; costs**

Therefore, the plaintiff's petition to the court observes the right of the district court to address matters concerning violations of the constitutions arising from congressional prescription for such grievances. The complaint outlined against the defense will prove the actions in violations of the laws written by Congress have stripped the plaintiff of his constitutional rights as listed below. These rights consist of a loss of property resulting from negligence and intentional discrimination while disregarding the laws protecting Americans. As Article 1 reads, no law prohibits the plaintiff from seeking redress in this matter. However, the subsequent laws require these issues be addressed to assure the rights of all citizens are preserved through an efficient government of laws.

> **CONSTITUTION OF THE UNITED STATES OF AMERICA—1787 1**
> ARTICLE [IV.]
> ARTICLE [V.]
> ARTICLE [XIV.]
>   SECTION 1.

Subsequent to these constitutional provisions, the Northern District of Mississippi is the most proper venue to proceed with a course of action to resolve such a dispute.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 87-DISTRICT COURTS; VENUE**
> **§1390. Scope**

Portions of this case involve interstate commerce and federal rules also stipulate the proceedings for such matters be brought only in the court which referred the question or issue which places jurisdiction in the Northern District for venue purposes.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 87-DISTRICT COURTS; VENUE**
> **§1398. Interstate Commerce Commission's orders**

However, the court may direct actions or proceedings be transferred if the current venue is experiencing administrative allocations of duties that may affect the outcome of a trial. It is

common knowledge that the Northern District is tasked with relocating and restructuring several divisions within the Northern District which would qualify this case for transfer if filed in the Northern District.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 87-DISTRICT COURTS; VENUE**
> **§1405. Creation or alteration of district or division**

In addition to the construction and case allocation in the Northern District, the plaintiff has also filed a judicial misconduct complaint of bias against the clerk and chief justice which employs the Southern District as the nearest division to accept the case once an issue of bias has been identified that may affect the outcome of the upcoming proceedings.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART I-ORGANIZATION OF COURTS**
> **CHAPTER 5-DISTRICT COURTS**
> **§144. Bias or prejudice of judge**

The Southern District is petitioned to receive this filing with these considerations as the plaintiff seeks redress in these courts as a last resort to resolve these issues that have deprived constitutional rights as outlined.

> **28 USC JUDICIARY AND JUDICIAL PROCEDURE**
> **PART IV-JURISDICTION AND VENUE**
> **CHAPTER 87-DISTRICT COURTS; VENUE**
> **§1406. Cure or waiver of defects**

## III. STATEMENT OF CLAIM

**While seeking medical care the plaintiff purchased transportation to be used for those purposes online. Price and reliability being the only needs the plaintiff was pleased to find a vehicle with the defense and arranged to pickup the car the next day. All purchases including insurance were finalized that day and the plaintiff was completely satisfied with the results. The check engine light and tire pressure light came on in less than 30 days. The plaintiff made a service appointment under the warranty and arrived on a day with only one other customer on the premises. After waiting for nearly two hours the plaintiff decided to go home, make a complaint and schedule another appointment. The defendant's have flooded marketing avenues in this territory and have created a great name for themselves in this new market of online car sales. Hopefully, what happened in this complaint is isolated and the defendant's can handle it now. But it appears to be a common practice that takes place at the expense of unsuspecting customers that allows employees to pocket commissions and finance companies to use American consumers as piggy banks.**

### A. CLAIM REFERABLE TO ARBITRATION

Internet based marketing is the new tool for everything. Even cars. Purchasing a car online requires a large amount of faith for the consumer. However, the safeguards put in place are strong enough to prevent the type of actions detailed throughout this complaint that include obtaining financial information for fraudulent means with intent to abuse consumers most vulnerable to the financial system of the wealthy. This action of selecting customers for this purpose is blatant from the start when the consumer is asked for the source of income online when using this service. A government funded source of income to cover transportation is a targeted sale for easy cash.

> **15 USC COMMERCE AND TRADE**
> **CHAPTER 1-MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE**
> **§13. Discrimination in price, services, or facilities**
> **(a) Price; selection of customers**
> **(b) Burden of rebutting prima-facie case of discrimination**

This case is particularly egregious because the plaintiff was referred to Defendant 1 by a personal friend who is similarly situated in life financially and medically. The selection procedure would have been used the same way on the friend as any unsuspecting consumer and the plaintiff feels compelled to confront the matter openly. The source of income would have indicated to the Defendant 1 a guaranteed payment from a government run program that may never have been seen by the plaintiff if the mistakes had not begun immediately. Once the Defendant 1 positioned the sale of the vehicle the marketing for Defendant 2, marketing began. A sales price is quoted by the agent from Defendant 1 who gathers the signature for the finance company (Defendant 2) attempting to release liability for the sale from Defendant 1 . Even if the sale was fraudulent.

> **15 USC COMMERCE AND TRADE**
> **Ch. 110: ONLINE SHOPPER PROTECTION**
> **§8403. Negative option marketing on the Internet**

### B. CLAIM REFERABLE TO ARBITRATION

The scheme is fascinating if you are in the business industry. As previously stated, the plaintiff is reeled in online and never given the true details of what is happening until the sale is final. In this case, the plaintiff bought a reasonably priced vehicle from Defendant 1 who sold a reasonably price finance plan for Defendant 2. However, in deception, Defendant 1 has sold a fraudulent deal for Defendant 2 and Defendant 2 never accepts responsibility for the fraud and continues to accept payments without addressing the fraudulent sale by the agent from Defendant 1. Plaintiff repeatedly attempts to resolve with all parties and one day awakes to find the vehicle being towed at two in the morning with no warning and nearly the entire principal balance paid in the first year.

**15 USC COMMERCE AND TRADE**
**Ch. 110: ONLINE SHOPPER PROTECTION**
**§8402. Prohibitions against certain unfair and deceptive Internet sales practices**

The good faith attempts to resolve issues prior to filing will be shown throughout the communication with the parties involved. In addition to the previous violations resulting in the deprivation of constitutional rights of the plaintiff, the defense has engaged in threatening activity on a pathway Congress has found to have offered the American consumer an important channel of commerce in need of consumer confidence for growth.

**15 USC COMMERCE AND TRADE**
**Ch. 110: ONLINE SHOPPER PROTECTION**
**§8401. Findings; declaration of policy**

**C. CLAIM REFERABLE TO ARBITRATION**
During the time the plaintiff was escalating a grievance regarding the fraudulent sales transaction and botched repair appointment, the defendant's sold the plaintiff's transaction information to a separate warranty service, who repeatedly called, email, and sent postage offering additional warranty. Some even threatening the plaintiff agreement stated to repossession of the vehicle if an additional warranty was not purchased. A review of the initial paperwork revealed the communication regarding additional warranty was from a third party, but through further investigation realized the signature page and the price quote page had different numbers. The one page with both numbers together had been folded as to not show the additional charges creating the fraudulent sale.

**15 USC COMMERCE AND TRADE**
**Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION**
**§6102. Telemarketing rules**

Congress clearly left such matters to the state regulation of commerce and trade. However, Congress did not intend for matters that escape the conscious of state enforcement officers, to permit actions that violate federal law and infringe on the constitutional rights of Americans.

**15 USC COMMERCE AND TRADE**
**Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION**
**§6101. Findings**

## D. CLAIM REFERABLE TO ARBITRATION

Defendant 1 simply marked the price at $9999. Nearly the exact point of no return for the plaintiff's minimal expenses at the time. The sales price after a $2500 down payment was just under $12,000 over a three year payment plan. When unfolding the documents and reviewing the papers the sales representative actually charged the plaintiff nearly $22,000 for the $9999 vehicle. After a year, more than $8000 of the principle balance was paid while the plaintiff waited for a response to his complaint. Without warning the car was taken in the middle of the night. The police believing it was a repossessed for late payments accused the plaintiff of theft and refused to write a police report. A week later the Defendant 2 sent a letter stating the car was taken by Defendant 3 because it was not insured. Neither defendant ever provided proof as to why they would believe the vehicle was not insured at the time it was taken.

### 15 USC COMMERCE AND TRADE
### Ch. 39: FAIR PACKAGING AND LABELING PROGRAM
### §1452. Unfair and deceptive packaging and labeling; scope of prohibition

The plaintiff intends to allow the court to examine the documents in tact as they were presented. It is truly remarkable how subtle the act to deceive for the purpose of profit on behalf of the sales rep. The paper was folded in a way that reveals the willful intent in achieving the desired outcome. The quoted price on an 8x11 signature page. The real price on a second page 8x15 with the bottom half folded so as not to show the total price. The plaintiff has worked in sales for twenty years and would not have been able to intervene until the sale was complete and American commerce must not take risks on allowing this type of behaviour in our markets online, in brick and mortar, nor anywhere in our culture.

### 15 COMMERCE AND TRADE
### CHAPTER 39-FAIR PACKAGING AND LABELING PROGRAM
### §1451. Congressional declaration of policy

## E. CLAIM REFERABLE TO ARBITRATION

**The plaintiff was initially denied accommodations for individuals with disabilities when applying online. It is reasonable for any person to expect a good faith transaction is occuring with the merchant, however the plaintiff revealed in the opening negotiations the purpose of the vehicle was for trips to and from medical appointments. Throughout the grievance procedure the plaintiff reasonably requested the concerns regarding the price be escalated due to the urgency associated with plaintiff health. The plaintiff prays the court understands how important enforcement of these laws have been and should remain.**

**42 USC THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 126—EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES**
**§12182. Prohibition of discrimination by public accommodations**

**The plaintiff regrettably spent many years denying the need for accommodation related to the management of disabling conditions. This experience and understanding the time and effort it has taken to write laws that protect individuals from these actions leaves the plaintiff grateful but fearful that this may be happening to anyone because it was so easily done to someone who could recognize it.**

**42 USC THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 126-EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES**
**§12101. Findings and purpose**

## IV. RELIEF
To date, neither defendant has not responded to the plaintiff's grievance. Instead, the car, thousands of dollars and transportation to medical treatment were all ripped from the plaintiff with no recourse other than to file suit in this court. Defendant 2 sent an additional letter a few days later requesting the rest of the balance on the fraudulent finance agreement and claimed they destroyed the car including all personal effects. After refusing to pay, the finance company used the fraudulent sales agreement to make false credit reports to credit agencies, claiming plaintiff defaults on payments.

### A. CORRESPONDING WITH SECTION III STATEMENT OF CLAIM.
Deceptive online practices after the expansion of medicare and medicaid were to be expected when media and advertising has been blasted with new opportunities for an oppressed population to find help. The defendant's have done well in this respect. Financing transportation for medical purposes is difficult but the assurances of funding through these federally run programs have made some consumers targets. If the defendants are allowed to obtain compensation from this after the plaintiff has suffered losses our democracy sets a dangerous trend. Each defendant should be held equally responsible for the parts played in this act that could be happening to someone else.

**15 USC COMMERCE AND TRADE**
**CHAPTER 1-MONOPOLIES AND COMBINATIONS IN RESTRAINT OF TRADE**
**§15h. Applicability of parens patriae actions**

### B. CORRESPONDING WITH SECTION III STATEMENT OF CLAIM.
In anticipation of such complicated actions that threaten the American economy and protected classes of American, Congress has also prescribed laws to ensure the

constitutional rights of all parties involved in controversy of amounts that exceed $75,000 have some form of recourse in the district courts. These laws provide for relief in several forms which include compelling the parties to arbitration. Therefore, the plaintiff petition is in support of a motion to compel such arbitration in the matters outlined in this complaint between the parties.

> **9 USC ARBITRATION**
> **CHAPTER 1-GENERAL PROVISIONS**
> **§6. Application heard as motion**

### C. JURISDICTION REMEDY
The Southern District has been given the authority to use discretion in the creation of remedies in cases of actual controversy within its jurisdiction. The subject matter and complaint of bias in the Northern District give cause for the plaintiff to file for proceedings in the South and pray the court finds this remedy for want of jurisdiction to expedite adjudication.

> **28 USC Ch. 151: DECLARATORY JUDGMENTS**
> **JUDICIARY AND JUDICIAL PROCEDURE**
> **PART VI—PARTICULAR PROCEEDINGS**
> **Ch. 151: DECLARATORY JUDGMENTS**
> **§2201. Creation of remedy**

### D. FEDERAL QUESTION AND CONSTITUTIONAL DEPRIVATION REMEDY
In order to secure jurisdiction for the proceedings the federal rules of civil procedure are available with tools that instruct courts on the management of cases involving multiple claims. The defense has violated Titles 15, and 42 in actions that deprived the plaintiff of his constitutional rights identified through several sections of the complaint. A judgement on jurisdiction concerning multiple claims would settle this matter if the court were to determine the Southern District will incorporate these claims.

> **FEDERAL RULE OF CIVIL PROCEDURE**
> **TITLE VII. JUDGMENT**
> **Rule 54. Judgment; Costs**
> **(b) JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES.**

The court will be asked to use the powers granted by Congress and the United States Constitution to enforce the laws that both protect the American economy and restore the humane respectful treatment of all Americans including the plaintiff. As previously stated, the protections in place have been ignored by the defense and the rules prescribed by this court may continue to support the efforts of free markets with fair business and sales practices.

**28 USC JUDICIARY AND JUDICIAL PROCEDURE**
**PART V-PROCEDURE**
**CHAPTER 131-RULES OF COURTS**
**§2071. Rule-making power generally**

Additional rules the court must employ for the prosecution of matters relating to title 15 vary according to chapter and violation. However, violations under these sections may be filed in the U.S. district courts for relief if damages occur that either act to boycott, coercion, or intimidation as in this complaint with the deceptive sales tactics used to coerce consumers to buy. This complaint utilizes the civil litigation option presented by the United States Constitution.

**15 USC COMMERCE AND TRADE**
**Ch. 39: FAIR PACKAGING AND LABELING PROGRAM**
**§1456. Enforcement**

Violations of section 6102 of chapter 87 of title 15 prescribe remedies for actions by private persons brought in U.S. District courts that may be used as a rulemaking guide for these proceedings to ensure future compliance and examine the extent of damages caused to the plaintiff in the transaction in dispute.

**15 USC COMMERCE AND TRADE**
**Ch. 87: TELEMARKETING AND CONSUMER FRAUD AND ABUSE PREVENTION**
**§6104. Actions by private persons**

Violations of section 8403 of chapter 110 of title 15 prescribe remedies for actions by private persons brought in U.S. District courts that may be used as a rulemaking guide for these proceedings to ensure future compliance and examine the extent of damages caused to the plaintiff in the transaction in dispute as in telemarketing claims. These also permit further action in violation of title 42

**15 USC COMMERCE AND TRADE**
**Ch. 110: ONLINE SHOPPER PROTECTION**
**§8404. Enforcement by Federal Trade Commission**

Violations of section 12182 of chapter 126 of title 42 prescribe remedies for enforcement that consider civil penalties associated with the defense actions that provide clear and convincing evidence of intent to use the plaintiff disability as a basis for obtaining profit through deceptive means. Defense decided to repossess without prior notice as reasonably expected. That accommodation for a person with disabilities would also have been humane.

**42 USC THE PUBLIC HEALTH AND WELFARE**
**CHAPTER 126—EQUAL OPPORTUNITY FOR INDIVIDUALS WITH DISABILITIES**
**§12188. Enforcement**

Therefore, the court is asked to compel arbitration in these proceedings in accordance with rulemaking powers granted by Congress and the Constitution and issue subpoenas for attendance and records previously mentioned. The plaintiff does not anticipate a lengthy trial at the expense of the government based on facts that can be easily proven through documentary evidence. The defense has refused any further communication with the plaintiff and therefore ensured an intent to continue to deprive constitutional rights available to all Americans. This action will begin the process of restoration and is supported by federal rules of civil procedure.

**FEDERAL RULE OF CIVIL PROCEDURE**
**Rule 37. Failure to Make Disclosures or to Cooperate in Discovery; Sanctions**
**(a) MOTION FOR AN ORDER COMPELLING DISCLOSURE OR DISCOVERY.**

Finally, the plaintiff prays the court accept the concepts laid out by the United States Congress and the assurances found in the United States Constitution. The threats to a protected class of vulnerable Americans and our great economy that supports human rights activities worldwide expose us as hypocrites rather than promoting fair and equal treatment under the law. The plaintiff prays the court respect this is a last resort to recover his constitutional rights after the violations of law outlined in this complaint became the cause for what the plaintiff has characterized as theft related to the taking of his personal financial formation for profit.

**The plaintiff believes he is entitled to the relief mentioned throughout the complaint and amended complaints and in closing reminds the court that honoring this petition is in the best interest of the public and reasonable as restated below.**

1. Issue Summons ordering the defendants to appear before the court.
2. Order the defendants to submit a certified copy of the transcript and record, for the plaintiff's account for each defendant, including any third party communications regarding insurance.
3. Grant any further relief as may be just and proper under the circumstances of the case.

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.*

**Date of signing:** the 14th day of June, 2019
**Signature of Plaintiff** _____/s/Zorri N. Rush_____
**Printed Name of Plaintiff** _____Zorri N. Rush_____